[No. 11772.　Department Two.　May 5, 1914.]

ALONZO N. SHRADER, *Appellant*, v. WALTER W. DOWNING et al., *Respondents*.[1]

PARTNERSHIP—LIABILITIES BETWEEN PARTNERS—INDIVIDUAL TRANS-ACTIONS—EVIDENCE—SUFFICIENCY. The rule requiring a partner to exercise the utmost good faith, if he purchase property for his individual benefit when the firm is entitled to the advantage of the purchase, does not prohibit him from engaging in individual enterprises; and where a real estate firm had no funds, dealing only on commissions, a purchase by a partner with his own funds of property thereafter placed with the firm to sell on a ten per cent commission, was not in trust for the firm; especially where the other partner did not offer to share in the venture, and accepted his share of the commissions earned by the firm.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 19, 1913, dismissing an action for an accounting, after a trial on the merits to the court.　Affirmed.

*James Hart* and *Myers & Johnstone*, for appellant.

*Knickerbocker & Gordon* (*Milo A. Root*, of counsel), for respondents.

FULLERTON, J.—The appellant, Shrader, and the respondent, Walter W. Downing, were formerly partners engaged in the real estate and insurance business, as A. N. Shrader & Company, at the city of Auburn, in King county. During the existence of the partnership, Downing purchased a tract of land, containing some five and a fraction acres, which he platted into lots and blocks as an addition to the city of Auburn, calling it Downing & Shrader's addition. Downing caused the streets therein to be graded, certain sidewalks to be built, and placed the property in the hands of the firm of A. N. Shrader & Company to be sold, at prices fixed by himself, on a ten per cent commission. When ready for market,

[1]Reported in 140 Pac. 558.

the addition cost $6,694.43, all of which was advanced by Downing. Subsequent to the purchase of the property, a one-fourth interest therein was contracted to one W. S. Gill, at the price it cost Downing; Gill paying therefor $1,000 in cash, and agreeing that the balance of the cost of the one-fourth interest should be deducted by Downing out of the first moneys received from the sale of the property. Downing and Shrader both joined in the contract with Gill.

The adventure proved profitable; the sale of 'the lots amounting to some $4,000 over and above the original cost price and the expenses of making the sale. Shrader claimed an interest in these profits, contending that the purchase was made on behalf of and for the benefit of the partnership. Downing refused to recognize this claim, and the present action was brought by Shrader against Downing and his wife to establish an interest in the property, and for an accounting. On the trial, the court ruled that the enterprise was the individual adventure of Downing, and that the partnership of A. N. Shrader & Company had no interest therein, entering judgment accordingly. From this judgment Shrader appeals.

It is undoubtedly the rule, as the appellant contends, that one member of a partnership must act in the utmost good faith towards his copartners, and that, if he purchases property for his individual benefit when the firm itself is entitled to the advantage of such purchase, or secures a valuable contract for himself which it was his duty to obtain for the firm, he will be treated as a trustee for the firm with reference to the transaction, and be compelled to account to his copartners for the profits acquired by reason thereof. But the rule does not absolutely prohibit a member of a partnership from engaging in enterprises in his own behalf, nor does it make all property acquired by a member of a partnership during its existence the property of the firm. The applicability of the rule depends on the facts of the particular case. One partner may not make a profit for himself individ-

ually out of the partnership business, or out of the transactions which he conducts privately which in justice and equity ought to have been conducted in the partnership name; but he may, without laying himself liable to account, buy and sell real estate or other property with his individual means, if the transaction is disconnected from the partnership business, is not conducted in competition or rivalry therewith, and he is under no duty to conduct the transaction on behalf of the firm.  Any other rule would prevent a member of a partnership from investing his private funds.

In the case before us, it is clearly shown that the partnership itself had no funds with which to purchase this particular property, and that it could not obtain the necessary funds on the credit of the partnership assets.  Its business, in so far as such business related to real estate, was that of selling real estate on commissions.  It could handle the deal only by obtaining outside aid, and the record shows that an attempt was made to induce a third person to purchase the property, put it into a condition for sale, and allow the partnership to sell it for the usual commission customary in such cases.  This effort failed, and only after such failure did the respondent take it up himself.  In doing so, he deprived the partnership of nothing.  On the contrary, he conferred on it a distinct gain; all that it would have obtained had the original intention been carried into effect.  Since, therefore, he placed the property in the hands of the partnership for sale, and paid to the firm the usual commission thereon, he has done all that good faith towards the partnership required him to do, and was entitled to the excess profit.

We think, also, that the evidence justifies the conclusion of the trial court that the present claim of the appellant is something of an afterthought.  He was in a position to take a share in the original enterprise when it was entered into, yet he never offered to do so; he accepted his share of the commissions, as they were earned from time to time by sales

of the property, without offering to allow them to go to the respondent as a reimbursement in part for the money the respondent had advanced; and he made no direct claim of interest until after it became evident that a profit was to be realized. It would seem that, if what he now claims was his original understanding, he would not have let his partner take the entire burden and risk of the adventure.

While there are circumstances in the record which may point to a contrary conclusion, the most potent of which perhaps is the fact that the appellant joined as a party in interest in the contract with Gill, we think on the whole that the evidence justifies the conclusion of the trial court rather than the claim of the appellant.

The judgment is affirmed.

CROW, C. J., PARKER, MAIN, and MOUNT, JJ., concur.